**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2012

Lyle W. Cayce
Clerk

No. 11-50375
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO SANCHEZ-LERMA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-298-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rodrigo Sanchez-Lerma was convicted of transporting illegal aliens for financial gain and conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324. He was sentenced within the Sentencing Guidelines to 21 months of imprisonment on both counts, to run concurrently, and to concurrent three-year terms of supervised release. He appeals his sentence, claiming that it is both procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50375

We review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Our review is bifurcated. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first determine whether the sentencing court committed a significant procedural error. *Id.* If we conclude that the district court's decision is procedurally sound, we will then proceed to review the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard. *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).

We review a district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). However, if a defendant has not preserved an issue for review in the district court, review is for plain error. *See Mondragon-Santiago*, 564 F.3d at 361.

In this case, Sanchez-Lerma failed to alert the district court to the alleged procedural error in such a manner that the district court could correct itself and obviate the need for our review and further failed to object to the substantive reasonableness of his sentence. Accordingly, our review is for plain error. *See id.* at 360-61. To prevail, Sanchez-Lerma must demonstrate an error that is clear or obvious and that affects substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Although Sanchez-Lerma contends that the district court committed procedural error by failing to properly calculate his sentence, he has failed to demonstrate any error in the district court's calculations. Moreover, to the extent that he suggests that his sentence resulted in an unwarranted disparity

between him and other defendants who obtained a reduced sentence based on the fast-track early disposition program, that argument is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

The record also refutes his assertion that the district court erred by failing to consider all of the sentencing factors set forth in § 3553(a). The record reflects that the district court considered the mitigation arguments raised by Sanchez-Lerma and expressly stated that it had considered the individual § 3553(a) factors as well as the allocution of the parties and the information contained in the presentence report in determining the sentence. The district court did not fail to consider the § 3553(a) factors but instead made an individualized sentencing decision based on the facts of the case and in light of the § 3553(a) factors. *See Gall*, 552 U.S. at 50-51. Accordingly, Sanchez-Lerma has failed to demonstrate that his sentence is the result of any procedural error.

He also argues that his 21-month sentence is substantively unreasonable because it is three months higher than the sentence recommended by the Government. His disagreement with the district court's assessment of an appropriate sentence under the § 3553(a) factors is insufficient to rebut the presumption that his within-guidelines sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.